IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:22-CV-00073-KDB-DCK

| | |
|---|---|
| SEAN P. ENCK, | |
| Plaintiff, | |
| v. | **ORDER** |
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, | |
| Defendant. | |

**THIS MATTER** is before the Court on Plaintiff Sean P. Enck's Motion to Stay or Alternatively to Amend the Pretrial Order and Case Management Plan (Doc. No. 57), Defendant National Union Fire Insurance Company of Pittsburgh, P.A.'s ("National Union") Memorandum in Opposition (Doc. No. 60), and Enck's Reply in Support of the Motion to Stay or Alternatively to Amend the Pretrial Order and Case Management Plan (Doc. No. 61). Enck asks the Court to stay this action, or in the alternative, to amend the pretrial and case management plan deadlines to allow further discovery, on the grounds that an underlying state court case has been reactivated. For its part, National Union argues that granting the motion to stay would be contrary to law and further urges the Court not to extend pretrial and case management plan deadlines for expert reports and completion of discovery. The Court has carefully considered this motion and the parties briefs. For the reasons discussed briefly below, the Court will **DENY** in part and **GRANT** in part the motion.

Whether to grant or deny a motion to stay proceedings calls for an exercise of judgment in weighing the various, competing interests of the parties to an expeditious and comprehensive

1

disposition of all claims. *United States v. Georgia Pac. Corp.*, 562 F.2d 294, 296 (4th Cir. 1977) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)); *Brake v. United States*, No. 5:23-CV-282-M-KS, 2023 WL 6120843, at *1 (E.D.N.C. Sept. 18, 2023). Here, the Court finds that the interests of justice are best served by denying the request for a stay. The underlying state court personal injury case, in which National Union is not nor has ever been a party, has been dormant since 2020, with all of the original defendants having now settled with Enck. Meanwhile, litigation in this Court is ongoing and nearing a decision on the merits. Accordingly, judicial economy weighs heavily in favor of denying a stay so that this case will not in practical effect begin anew in state court (assuming that National Union would either intervene or be brought into the action). Given that Enck selected the venue for this case and that litigation has progressed considerably, the Court also finds that National Union would be unfairly prejudiced by forcing it to relitigate this case in state court. Therefore, the Court will deny Enck's motion to stay the case.

However, the Court does find that the interests of justice are served by continuing this trial until February 5, 2024. This will allow the parties to complete discovery, by fully identifying Enck's doctors as "expert" witnesses. The Court has weighed Enck's lack of diligence in designating his treating physicians as expert witnesses with the fact that Defendant has had Enck's medical records and the names of Enck's treating physicians who will testify at trial for some time and yet took no action to depose them or otherwise seek related discovery. Finding that neither party would be unfairly prejudiced by continuing the trial and the importance of the jury hearing all relevant evidence, the Court will thus partially grant Enck's motion and allow Plaintiff to

identify its testifying physician expert witnesses on or before November 15, 2023, and Defendant to depose them on or before December 22, 2023.[1]

**NOW THEREFORE IT IS ORDERED THAT:**

1. Plaintiff's Motion to Stay (Doc. No. 57) is **DENIED** in part and **GRANTED** in part.

2. This case shall **proceed to trial on the merits on February 5, 2024,** in the absence of a voluntary resolution of the dispute among the parties.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: November 8, 2023

Kenneth D. Bell
United States District Judge

---

[1] To the extent that the previously filed motions in limine are not moot following this order, responses will now be due on January 9, 2024 and replies on January 16, 2024. Also, a pretrial conference will be scheduled in this matter on January 30, 2024.

3

Case 5:22-cv-00073-KDB-DCK   Document 62   Filed 11/08/23   Page 3 of 3